JOHNSON, Judge.
Appellants seek reversal of a final judgment entered pursuant to a jury, verdict awarding them $2,000.00 as compensation for land taken by appellee in an eminent domain action. It is urged by appellants that they are entitled to a new trial inasmuch as the jury awarded no severance damages. We agree.
The appellee’s appraiser-witness testified that the value of the land taken, which amounted to 67% of the total area owned by appellants and which was to be used after the taking as a drainage retention area exceeding fifteen feet in depth, was $2,000.00, or ten cents a square foot. He further testified that there would be no damages to the remaining property which was utilized as a grocery store with four rental rooms upstairs. Questions directed to him concerning severance damages were not permitted. The appellants’ appraiser-witness testified that full compensation to appellants would be $7,120.00. This figure was arrived at by subtracting the value of the property after the taking from the value of the property before the taking, and said figure obviously included severance damages to the remainder. The jury returned a verdict on the subject property in the amount of $2,000.00 for the land taken and nothing for damages.
It is this Court’s opinion and we so hold that a new trial should be had on the issue of damages. The uncontradicted evidence shows that after the taking, appellants’ parent tract is to be reduced by 67% and the street frontage is to be reduced by almost 20%. The part taken is to be used as a water retention area which will exceed fifteen feet in depth. Parking spaces necessary for the use of the grocery store and rental rooms will be greatly reduced, if not eliminated. It is clear to us from the facts of this case that appellants sustained severance damages to the remainder of their land by virtue of the taking and we conclude that a new trial on the issue of damages should be awarded.
Reversed and remanded.
SPECTOR, Acting C. J., and BOYER, J., concur.